UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SAMUEL L. DAVIS, | ) Case No. 1:16CV2131 |
| | ) |
| Petitioner, | ) |
| | ) JUDGE JEFFREY HELMICK |
| v. | ) MAGISTRATE JUDGE DAVID A. RUIZ |
| | ) |
| ALAN J. LAZAROFF, Warden, | ) |
| | ) |
| Respondent. | ) REPORT AND RECOMMENDATION |

Before the court is the petition of Samuel L. Davis ("Davis") for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The petition is before the magistrate judge pursuant to Local Rule 72.2(b)(2). The petitioner is in the custody of the Ohio Department of Rehabilitation and Correction pursuant to journal entry of sentence in the case of *State of Ohio v. Davis*, Case No. 2013-CR-713 (Richland County Apr. 9, 2014). (R. 9, RX 9, PageID #: 121-123.)

Davis' petition arises out of his 2014 convictions for endangering children, aggravated arson, and criminal damaging, in the Richland County (Ohio) Court of Common Pleas. (R. 1, petition, PageID #: 1.) In his petition, Davis raises four grounds for relief:

   1.  [Ohio] Revised Code Section 2909.02(a)(1) is unconstitutional, both facially and as applied to Samuel L. Davis violating his due process.

   2. Samuel L. Davis was deprived [of] his Sixth Amendment, U.S. Constitution; Section 10 Article 1, Ohio constitution right to effective assistance of appellate counsel.

   3.  The trial court erred in instructing the jury stating a failure to act can be applied to aggravated arson, unanimous verdict, and proof beyond a reasonable doubt.

1

    4. Samuel L. Davis was deprived [of] his Sixth Amendment, U.S. Const.; Sec. 10 Art. 1, Ohio Constitution right to effective assistance of counsel.

(R. 1, § 12.)

Respondent has filed an Answer/Return of Writ (R. 9), but the petitioner has not filed a Traverse, despite receiving an extension of time to do so (R. 11). For the following reasons, the magistrate judge recommends that the petition be denied.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On November 7, 2013, Davis was indicted on two counts of endangering children, one count of aggravated arson, and one count of criminal damaging, arising out of a house fire that occurred when Davis was watching his daughters at his ex-wife's home while she was at work. (R. 9, RX 16, PageID #: 200-205, 209; *State v. Davis*, 31 N.E.3d 1204, 1206, 1210 (Ohio Ct. App. 2015)). After a jury trial, Davis was convicted of all counts in the indictment. Davis was sentenced on April 7, 2014, to six months in jail on each of the three misdemeanor counts, and four years in prison for aggravated arson, with all time to run concurrently. (R. 9, RX 16, PageID #: 213; *Davis*, 31 N.E.3d at 1212.)

### A. Direct Appeal

On direct appeal, Davis raised four assignments of error:

1. The trial court abused its discretion by permitting the jury during deliberations to watch a video of a police interrogation after excluding the video from evidence because it depicted Davis' exercising his right to counsel.

2. Appellant's rights to due process under the State and Federal constitutions were violated because his arson conviction is not supported by sufficient evidence.

3. Appellant's arson conviction is not supported by the weight of the evidence.

2

> 4. The trial court violated principles of Double Jeopardy and [Ohio Rev. Code] 2941.25 by imposing sentences for aggravated arson, child endangering, and criminal damaging all arising from a single fire.

(R. 9, RX 13, PageID #: 132.) On March 9, 2015, the court of appeals affirmed the judgment of the trial court. (R. 9, RX 16; *Davis*, 31 N.E.3d 1204.)

Davis then filed a notice of appeal *pro se* and motion for leave to file a delayed appeal to the Supreme Court of Ohio. (R. 9, RX 17, PageID #: 224-230.) On July 8, 2015, the Supreme Court of Ohio denied the motion for leave, and dismissed the case. (R. 9, RX 19; *State v. Davis*, 143 Ohio St.3d 1403, 34 N.E.3d 131 (2015).)

<u>B.  Delayed Rule 26(B) Application</u>

On July 27, 2015, Davis filed a request *pro se* for a delayed application to reopen his direct appeal pursuant to Ohio App. Rule 26(B). (R. 9, RX 20, PageID #: 271-281.) Davis argued that appellate counsel should have presented the following issues on appeal, verbatim:

> 1. Samuel L. Davis was deprived his Sixth Amendment, U.S. Constitution; Section 10, Article 1, Ohio Constitution right to effective assistance of appellate counsel.
>
> 2. Samuel L. Davis was deprived his Sixth Amendment, U.S. Constitution; Section 10, Article 1, Ohio Constitution right to effective assistance of [trial] counsel.
>
> 3. Ohio Revised Code Section 2909.02(a)(1) is unconstitutional, both facially and as applied to Samuel L. Davis.
>
> 4. The trial court erred in instructing the jury pursuant to [Ohio] R.C. 2901.21 and R.C. 2901.22 as applied to aggravated arson, thereby imposing strict criminal liability.

(R. 9, RX 20, PageID #: 275- 278.)

The court of appeals denied his request as untimely on October 2, 2015, finding that Davis had not demonstrated good cause for the untimely filing. (R. 9, RX 22, PageID #: 291-

3

292.) Davis filed a motion for reconsideration of that ruling (R. 9, RX 23), which the state court denied on February 9, 2016. (R. 9, RX 30.)

Davis then filed an appeal *pro se* with the Supreme Court of Ohio on March 22, 2016, setting forth the following propositions of law, verbatim:

> 1. [Ohio] Revised Code Section 2909.02(a)(1) is unconstitutional, both facially and as applied to Samuel L. Davis violating his due process. Thus, his conviction is in violation of article 1 section 10 of the Ohio Constitution and fourth and fourteenth of the U.S. constitution.
>
> 2. Samuel L. Davis was deprived his sixth amendment U.S. Constitution; section 10, article 1, Ohio constitution right to effective assistance of appellate counsel.
>
> 3. The trial court erred in instructing the jury pursuant to [Ohio] R.C. 2901.21 and R.C. 2901.22 stating a failure to act can be applied to aggravated arson, the trial court also failed to indicate to the jury which incident was basis for the M-1 criminal damaging and which incident was basis for the F-1 aggravated arson or instruct the jury that it had to unanimously agree to a particular factual incident before it could convict the defendant. This deprived the defendant of his substantial rights to a unanimous verdict, proof beyond a reasonable doubt, and effective appellate review and is cognizable as plain error.
>
> 4. Samuel L. Davis was deprived his Sixth amendment, U.S. Constitution; section 10 article 1, Ohio constitution right to effective assistance of counsel.

(R. 9, RX 32, PageID #: 370, 376, 378, 380, 383.)

The state high court declined to accept jurisdiction of the appeal on May 18, 2016. (R. 9, RX 34; *State v. Davis*, 145 Ohio St.3d 1473, 49 N.E.3d 1315 (2016).)

## II.  HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal courts must apply when considering applications for a writ of habeas corpus. Under the AEDPA, federal

4

courts have limited power to issue a writ of habeas corpus with respect to any claim which was adjudicated on the merits by a state court. The Supreme Court, in *Williams v. Taylor*, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied -- the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor*, 529 U.S. 362, 412-413 (2002). *See also Lorraine v. Coyle*, 291 F.3d 416, 421-422 (6th Cir. 2002), *cert. denied*, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." *Williams*, 529 U.S. at 405. *See also Price v. Vincent*, 538 U.S. 634, 640 (2003). A state court decision is not unreasonable simply because the federal court considers the state decision to be erroneous or incorrect. Rather, the federal court must determine that the state court decision is an objectively unreasonable application of federal law. *Williams*, 529 U.S. at 410-12; *Lorraine*, 291 F.3d at 422.

Davis has filed his petition *pro se*. The pleadings of a petition drafted by a *pro se* litigant are held to less stringent standards than formal pleadings drafted by lawyers, and will be liberally construed. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001) (citing *Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972) (per curiam)). Other than that, no special

treatment is afforded litigants who decide to proceed *pro se*. *McNeil v. United States*, 508 U.S. 106, 113 (1993) (strict adherence to procedural requirements); *Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991); *Brock v. Hendershott*, 840 F.2d 339, 343 (6th Cir. 1988).

## III. PROCEDURAL DEFAULT

The respondent contends that Davis has procedurally defaulted all the claims in the petition because the claims were not properly raised before the Supreme Court of Ohio. (R. 9, PageID #: 84-87.)

A habeas claim may be procedurally defaulted in two distinct ways. First, by failing to comply with state procedural rules. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986)). Second, by failing to raise a claim in state court, and to pursue the claim through the state's ordinary review process. *Williams*, 460 F.3d at 806 (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)). The respondent argues that Davis' claims were not properly exhausted in state court.

A habeas petitioner cannot obtain relief unless he has completely exhausted his available state remedies. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Buell v. Mitchell*, 274 F.3d 337, 349 (6th Cir. 2001) (citing *Coleman v. Mitchell*, 244 F.3d 533, 538 (6th Cir.), *cert. denied*, 534 U.S. 977 (2001)). To satisfy the exhaustion requirement, a habeas petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The exhaustion requirement is satisfied when the highest court in the state has been given a full and fair opportunity to rule on the petitioner's claims. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994)

(citing *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990)). Where the petitioner failed to present a claim in state court, a habeas court may deem that claim procedurally defaulted because the Ohio state courts would no longer entertain the claim. *Adams v. Bradshaw*, 484 F.Supp.2d 753, 769 (N.D. Ohio 2007) (citing *Buell*, 274 F.3d at 349).

### A. Ineffective Assistance of Trial Counsel

The fourth ground of the petition (ineffective assistance of trial counsel) was not presented to the state courts on direct appeal. (R. 9, RX 13, PageID #: 132.) Davis has failed to properly exhaust his claim by giving the state high court a full and fair opportunity to rule on his constitutional claim. *Rust*, 17 F.3d at 160 (citing *Manning*, 912 F.2d at 881).

Any ineffective-assistance claims that Davis could have asserted in his direct appeal, but did not, are defaulted under the Ohio doctrine of res judicata. *Coleman*, 244 F.3d at 538; *State v. Szefcyk*, 77 Ohio St.3d 93, 671 N.E.2d 233 (1996) (syllabus); *State v. Perry*, 10 Ohio St.2d 175, 176, 226 N.E.2d 104, 105-106 (1967) (syllabus, ¶9). Res judicata will apply when a defendant who is represented by new counsel on direct appeal, as Davis was, fails to raise the issue of ineffective assistance of trial counsel. *Hicks v. Collins*, 384 F.3d 204, 211 (6th Cir. 2004), *cert. denied*, 544 U.S. 1037 (2005); *Monzo v. Edwards*, 281 F.3d 568, 576-577 (6th Cir. 2002). Davis cannot return to state court to exhaust the claims because the Ohio Supreme Court has ruled that arguments that could have been raised in an initial appeal (and were not) will be barred from consideration on appeal following remand, under the doctrine of res judicata. *State v. Hutton*, 100 Ohio St.3d 176, 182, 797 N.E.2d 948, 956 (2003); *State v. Gillard*, 78 Ohio St.3d 548, 549, 679 N.E.2d 276 (1997), *cert. denied*, 523 U.S. 1108 (1998).

7

State law no longer would permit Davis to raise this particular claim, hence it is defaulted. *See Williams*, 460 F.3d at 806; *Adams*, 484 F.Supp.2d at 769. "If, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, the claim is procedurally defaulted." *Williams*, 460 F.3d at 806 (citing *Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982)). When state court remedies are no longer available to the petitioner, procedural default and not exhaustion bars habeas review. *Id.* Where the petitioner fails to demonstrate cause and prejudice to excuse the default, the claim is barred. *Id.* at 807. Davis has not filed a traverse, and has not demonstrated cause.

Therefore, because Davis failed to present this claim in state court, the claim has been procedurally defaulted because the Ohio state courts would no longer entertain the claim. *Adams*, 484 F.Supp.2d at 769 (citing *Buell*, 274 F.3d at 349). The petition should not be granted on the basis of the fourth ground.

### B. First and Third Habeas Grounds

The first ground of the petition is that Ohio Revised Code Section 2909.02(a)(1) is unconstitutional, both facially and as applied to Davis. The third ground is that the trial court erred in instructing the jury, stating a failure to act can be applied to aggravated arson. The respondent contends that Davis procedurally defaulted his first and third grounds, because the claims were not raised before the state high court. (R. 9, PageID #: 85.)

The record reflects that Davis failed to properly exhaust these claims by raising them on direct appeal. (R. 9, RX 13, PageID #: 132.) Davis attempted to raise these claims in his untimely Rule 26(B) application, in which he argued that appellate counsel should have presented those issues on appeal. (R. 9, RX 20, PageID #: 271, 277-278.) The Sixth Circuit, however, has ruled

8

that bringing an ineffective assistance claim in state court based on counsel's failure to raise an underlying claim does not preserve the underlying claim for federal habeas review. *Davie v. Mitchell*, 547 F.3d 297, 312 (6th Cir. 2008), *cert. denied*, 558 U.S. 996 (2009) (citing *White v. Mitchell*, 431 F.3d 517, 526 (6th Cir. 2005)). *See also Muntaser v. Bradshaw*, No. 10-3112, 2011 WL 2646551, at *6 (6th Cir. July 6, 2011), *cert. denied*, 565 U.S. 1121 (2012) (Rule 26(B) motion limited to ineffective assistance of appellate counsel claims; cannot preserve underlying substantive claim).

Because the claims were not raised in the state court of appeals, they are barred by the Ohio rule of res judicata. *Lott v. Coyle*, 261 F.3d 594, 611-612 (6th Cir. 2001), *cert. denied*, 534 U.S. 1147 (2002); *Rust*, 17 F.3d at 160-161; *Szefcyk*, 77 Ohio St.3d 93, 671 N.E.2d 233 (syllabus); *Perry*, 10 Ohio St.2d at 176, 226 N.E.2d at 105-106 (syllabus, ¶9). Res judicata would bar Davis from litigating an issue that could have been raised on direct appeal. *Perry*, 10 Ohio St.2d at 180, 226 N.E.2d at 108.

Therefore, because Davis failed to properly present these claims in state court, the claims have been procedurally defaulted as the Ohio state courts would no longer entertain the claims. *Adams*, 484 F.Supp.2d at 769 (citing *Buell*, 274 F.3d at 349). The petition should not be granted on the basis of the first or third grounds.

### C.  Ineffective Assistance of Appellate Counsel

Finally, the respondent argues that the second ground of the petition, based on ineffective assistance of appellate counsel, has also been procedurally defaulted. The respondent argues that the claim has been procedurally defaulted because the court of appeals denied Davis' Rule 26(B) application as untimely. (R. 9, PageID #: 86-87.)

As mentioned above, a habeas claim may be procedurally defaulted by failing to comply with state procedural rules. *Williams*, 460 F.3d at 806; *Maupin*, 785 F.2d at 138. Where a state court has failed to address a prisoner's federal claim because the prisoner failed to meet a state procedural requirement, the state judgment rests on independent and adequate state procedural grounds, barring federal habeas relief. *Coleman*, 501 U.S. at 729-730; *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Morales v. Coyle*, 98 F.Supp.2d 849, 860 (N.D. Ohio 2000), *aff'd*, 507 F.3d 916 (6th Cir. 2007). Thus, where a state prisoner has procedurally defaulted his federal claims in state court, habeas review of those claims is barred "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Buell*, 274 F.3d at 348 (quoting *Coleman*, 501 U.S. at 750); *Davie v. Mitchell*, 324 F.Supp.2d 862, 870 (N.D. Ohio 2004), *aff'd*, 547 F.3d 297 (6th Cir. 2008), *cert. denied*, 558 U.S. 996 (2009).

The court considers four factors to determine whether a claim has been procedurally defaulted: (1) the court must determine whether there is a state procedural rule that is applicable to the petitioner's claim, and whether the petitioner failed to comply with the rule; (2) the court must decide whether the state courts actually enforced the procedural sanction; (3) the court must decide whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of the federal claim; and, (4) the petitioner must demonstrate that there was cause for him not to follow the procedural rule, and that he was actually prejudiced by the alleged constitutional error. *Buell*, 274 F.3d at 348 (citing *Maupin*, 785 F.2d at 138); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001) (quoting *Maupin*).

The Ohio Supreme Court has held that "issues of ineffective assistance of appellate counsel must be raised at the first opportunity to do so." *Monzo*, 281 F.3d at 578 (quoting *State v. Williams*, 74 Ohio St.3d 454, 455, 659 N.E.2d 1253, 1254 (1996) (per curiam)). Under Ohio law, claims of ineffective assistance of appellate counsel must be raised in a motion to re-open the appeal before the Ohio Court of Appeals. *Monzo*, 281 F.3d at 577 (citing *State v. Murnahan*, 63 Ohio St.3d 60, 584 N.E.2d 1204 (1992)); Ohio App. R. 26(B). Such a motion must be filed in the court of appeals within 90 days of the appellate judgment. *State v. Lamar*, 102 Ohio St.3d 467, 468, 812 N.E.2d 970 (2004) (per curiam), *cert. denied*, 543 U.S. 1168 (2005); *State v. Reddick*, 72 Ohio St. 3d 88, 90, 647 N.E.2d 784, 786 (1995) (per curiam). Davis did not file a timely motion to re-open.

Davis filed a request *pro se* for a delayed application to reopen his direct appeal pursuant to Rule 26(B). (R. 9, RX 20, PageID #: 271-281.) The court of appeals denied his request as untimely, finding that Davis had not demonstrated good cause for the untimely filing. (R. 9, RX 22, PageID #: 291-292.) Davis filed a motion for reconsideration of that ruling (R. 9, RX 23), which the state court denied. (R. 9, RX 30.) The state supreme court declined to accept jurisdiction of his subsequent appeal. (R. 9, RX 34; *State v. Davis*, 145 Ohio St.3d 1473, 49 N.E.3d 1315 (2016).)

Rule 26(B)'s 90-day filing period is a state procedural rule applicable to Davis' claim, and the state court found that Davis failed to comply with the timely-filing provision. The state court enforced the procedural sanction by denying his application for reopening. The Sixth Circuit has found that this is an adequate state procedural ground. *Smith v. Ohio, Dept. of Rehab. & Corr.*, 463 F.3d 426, 436 n.7 (6th Cir. 2006); *Monzo*, 281 F.3d at 577-578.

11

Any ineffective-assistance claims that Davis could have properly asserted, but did not, are defaulted under the Ohio doctrine of res judicata. *Jacobs*, 265 F.3d at 417; *Coleman*, 244 F.3d at 538; *Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (syllabus, ¶9). If a petitioner is barred by a state procedural rule from raising a federal claim in state court, he is not permitted to raise the issue in his habeas petition absent a showing of cause and prejudice. *Engle*, 456 U.S. at 129; *Wainwright*, 433 U.S. at 86-87.

Application of the Ohio rule of res judicata satisfies the first three factors in *Maupin*. *Jacobs*, 265 F.3d at 417. The fourth factor is that the petitioner must demonstrate that there was cause for him not to follow the procedural rule, and that he was actually prejudiced by the alleged constitutional error. "Cause" for a procedural default is ordinarily shown by "some objective factor external to the defense" which impeded the petitioner's efforts to comply with the state's procedural rule. *Coleman*, 501 U.S. at 753 (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). Davis did not file a traverse and no cause has been shown, which renders the claim procedurally defaulted. The petition cannot be granted on the basis of the second ground.

## IV. CONCLUSION

It is recommended that the petition be denied. The petition should not be granted because the grounds raised in the petition have been procedurally defaulted.

s/ David A. Ruiz
David A. Ruiz
United States Magistrate Judge

Date: October 17, 2018

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of mailing of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also United States v. Walter*s, 638 F.2d 947 (6th Cir. 1981).